UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCOTT MONROE,<br><br>Defendant. | C.R. No. 1:26-cr-00053-MSM-RLA |

## ORDER

MARY S. MCELROY, United States District Judge.

Before the Court is the defendant, Scott Monroe's, Motion to Revoke and/or Revise the Magistrate Judge's Order of pretrial detention. ECF No. 311. Having reviewed *de novo* the record, the Court DENIES the defendant's Motion.

## I. BACKGROUND

Mr. Monroe was charged by Indictment on June 10, 2026. ECF No. 3. His charges include Conspiring to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity (Count 1), Violent Crime in Aid of Racketeering (Count 23), Possessing, Brandishing, Discharging of a Firearm (Count 24), and Wire Fraud (Count 51).

On June 17, 2026, Mr. Monroe was arraigned by Magistrate Judge Patricia A. Sullivan, who found clear and convincing evidence of his dangerousness and issued an Order of Detention. ECF No. 130. On July 27, 2026, Mr. Monroe filed a Motion

to Reconsider the Detention Order. ECF No. 241. Magistrate Judge Sullivan ordered Mr. Monroe to remain detained in an Amended Order of Detention Pending Trial. ECF No. 252.

On August 27, 2026, Mr. Monroe filed a Motion to Revoke and/or Revise the Magistrate Judge's order of pretrial detention. ECF No. 311. He argues that new employment, child support, and residence information warrant his release pending trial, or at the very least, conditional release. ECF No. 311 at 5, 12.

## II. LEGAL STANDARD

An individual ordered detained by a Magistrate Judge may file a motion to revoke or amend the detention order in the district court under 18 U.S.C. § 3145(b). A district court must "engage in *de novo* review of the contested order." *United States v. Tortora*, 922 F.2d 880, 884 n.4 (1st Cir. 1990) (emphasis added).

Under the Bail Reform Act of 1984, 18 U.S.C. § 3142 *et seq.*, pr*et*rial detention of a defendant is appropriate where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must establish dangerousness of the defendant by clear and convincing evidence, and risk of flight by a preponderance of the evidence to justify pretrial detention. *See* 18 U.S.C. § 3142(f)(2) ("The facts the judicial officer uses to support a finding… that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."); *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991) (finding the burden of

proof for flight risk to be preponderance of the evidence). Clear and convincing evidence is "more than a preponderance of the evidence but less than beyond a reasonable doubt" and "requires a high degree of certainty that the information presented supports the conclusion of dangerousness." *United States v. Ramos-Dominguez*, 698 F. Supp. 3d 224, 228 (D.P.R. 2023) (citing *United States v. Acevedo-Ramos*, 600 F. Supp. 501, 509 (D.P.R. 1984)).

When there is probable cause that the defendant committed one of several statutorily enumerated crimes carrying a maximum term of imprisonment of 10 or more years, there is a rebuttable presumption "that no conditions or combination of conditions" will assure community safety or the appearance of the defendant. 18 U.S.C. § 3142(e). When the presumption arises, the defendant has the burden of production by "com[ing] forward with evidence" sufficient to undercut the presumed facts. *United States v. Jessup*, 757 F.2d 378, 382 (1st Cir. 1985); *see also United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) (the "defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption").

Regardless of whether this presumption applies, the Court must consider the following four statutory factors under 18 U.S.C. § 3142(g) in making its determination: (1) the nature and circumstances of the offense charged, including whether it was a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the accused, including, but not limited to, past conduct, criminal history, employment, family ties, and community ties; and (4) the nature and seriousness of the danger to any person or the community

that would be posed by the defendant's release. Danger in this context is not limited to the risk of physical violence but encompasses a broader range of harmful conduct. *Tortora*, 922 F.2d at 884. Additionally, "[d]etention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *Id.* at 888.

## III. DISCUSSION

Mr. Monroe does not challenge the application of the presumption of detention because he is charged with an offense under 18 U.S.C. § 924(c). *See* 18 U.S.C. § 3142(e)(3)(B). Instead, he contends that he should be released before trial because he has rebutted the presumption of detention and the Government has failed to carry its burden. Mr. Monroe specifically asks the Court to release him to live with his cousin in North Providence, Rhode Island, subject to standard conditions as well as home confinement, electronic monitoring through a bracelet and GPS, supervision and reporting through Pretrial Services and the Court, and an order to maintain steady employment. ECF No. 311 at 12.

The record before the Court reflects that the Government has met its burden to prove by clear and convincing evidence that Mr. Monroe is a danger to the community, warranting his pretrial detention. As to the nature and circumstances of the offense, Mr. Monroe's charges include Conspiring to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity (Count 1), Violent Crime in Aid of Racketeering (Count 23), and Possessing, Brandishing, Discharging of a Firearm (Count 24). ECF No. 3. When placed within the context in which these acts were

allegedly committed, the crimes are very serious. The Government alleges that Mr. Monroe joined with five others in an attempted murder of two people in 2023 while he was on probation for an unrelated state-court case. ECF No. 3 at 33; ECF No. 314 at 7-8. This factor weighs against Mr. Monroe's release before trial.

The weight of the evidence against Mr. Monroe similarly supports his pretrial detention. Despite Mr. Monroe's argument that he is not involved in gang a gang, ECF No. 311 at 6, the Government alleges that they have witness testimony and historical cell site location data placing him on the scene of the attempted murder along with affiliates of the enterprise. ECF No. 314 at 8-9. The Government also sets forth evidence of Mr. Monroe's cash-app transactions, purportedly depicting him sending and receiving funds from other enterprise members. ECF No. 314 at 8; No. 254 at 4. This supports the Government's showing of danger to the community.

Finally, Mr. Monroe relies primarily on the factor of personal history and characteristics to argue for his release. He cites an offer letter for full-time employment, a potentially stable residence with his cousin, active attempts to pay back-owed child support, and support from the community. ECF No. 311 at 7-12. Yet this narrative largely ignores his criminal history which includes pleading guilty to possession with intent to deliver a controlled substance, pleading nolo contendere to felony assault with a knife, and a string of domestic violence issues, including two simple assaults and vandalism, all three to which he pleaded nolo contendere. ECF NO. 314 at 9-10. This history warrants pre-trial detention.

The argument presented by Mr. Monroe "that there are conditions that would assure his appearance does not overcome the weight of the contrary considerations." *United States v. Khalil*, 2013 WL 551747, at *2 (D.R.I. October 9, 2013). Despite proffering conditions such as home confinement, electronic monitoring, supervision through pretrial services, and an order that he maintain steady employment, ECF No. 311 at 12, the success of such conditions "depends largely on [Mr. Monroe's] good faith." *Tortora*, 922 F.2d at 887. Mr. Monroe's documented criminal history and prior violations of conditions of release undercut the premise that he would abide by such conditions. Moreover, it is unlikely that his newly offered job or residence with a family member will prevent flight or danger because they depend on his choosing to comply. As Magistrate Judge Sullivan also noted, Mr. Monroe has almost no past work experience and has failed to maintain a stable residence, leaving the Court unable to conclude that he would adhere to any conditions of his release now. ECF No. 252 at 4; *see also United States v. Cooper*, 570 F. Supp. 15, 18 (D. Mass. 2021) (finding continued detention warranted in part because defendant was unemployed and failed to maintain a stable residence).

## IV. CONCLUSION

Accordingly, this Court finds by a preponderance of the evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Mr. Monroe as required, and by clear and convincing evidence there are no conditions or combination of conditions other than his detention that will ensure the safety of the community.

For these reasons, the Defendant's Motion to Revoke and/or Revise the Magistrate Judge's Detention Order (ECF No. 311) is DENIED.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

November 3, 2026